UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STETSON REAL ESTATE LLC,

                     Plaintiff,

   v.

SENTINEL INSURANCE COMPANY, LTD.
and HARTFORD FIRE INSURANCE
COMPANY,

                     Defendants.

No. 20-CV-8902 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

I.  Background

Plaintiff Stetson Real Estate LLC ("Plaintiff" or "Stetson") brought this Action against Defendants Sentinel Insurance Company, Ltd. ("Sentinel") and Hartford Fire Insurance Company ("Hartford"; collectively, "Defendants") in Westchester County Supreme Court on September 8, 2020. (*See* Am. Not. of Removal Ex. A ("Compl."), at 3 (Dkt. Nos. 11, 11-1); Am. Not. of Removal Ex. B ("State Court Dkt."), at 2 (Dkt. No. 11-2).)[1] Plaintiff alleges that Defendants wrongfully denied insurance coverage for its loss of business income in the wake of the Covid-19 pandemic and related shutdowns in March 2020. (*See* Compl. 19–20.) Plaintiff seeks declaratory judgment and money damages. (*See id.*)

On September 17, 2020, Plaintiff's counsel emailed Hartford to request a waiver of service. (*See* Letter from Charles Michael, Esq., to Court (Dec. 21, 2020) ("Dec. 21 Michael Letter") Ex. A ("Sept. 17 Email"), at 1 (Dkt. Nos. 19, 19-1).) The email included a link to

---

[1] Unless otherwise noted, pages references for exhibits refer to the ECF stamp at the top of the page.

1

Plaintiff's recently filed Complaint.  (*See* Sept. 17 Email 2.)  On September 22, 2020, counsel for Defendants sent an email to Plaintiff's counsel with the following offer:  "We can consent to waiving service if you will consent to extending our time to respond to the [C]omplaint to November 6, 2020.  Please let us know if this is agreeable to you." (Dec. 21 Michael Letter Ex. B ("Counsel Correspondence"), at 2 (Dkt. No. 19-2).)  Plaintiff's counsel responded a day later, on September 23, 2020, writing, "[y]es, this is agreeable."  (Counsel Correspondence 2.)  There was no subsequent service or delivery of the Complaint and Summons.  (Dec. 21 Michael Letter 2.)  On October 23, 2020—36 days after Plaintiff's September 17 email including a link to its filed Complaint, 31 days after Defense counsel's September 22 offer to waive service in exchange for an extension of time to respond, and 30 days after Plaintiff's counsel's September 23 email accepting this offer—Defendants removed the Action to this Court, pursuant to 28 U.S.C. § 1446.  (*See* Dkt. No. 1.)

On November 11, 2020, Plaintiff filed a letter seeking permission to submit a motion to remand this action to state court.  (*See* Letter from Steven Kent, Esq., to Court (Nov. 11, 2020) ("Nov. 11 Kent Letter") 1 (Dkt. No. 9).)  Defendants replied on November 17, 2020.  (*See* Letter from Charles Michael, Esq., to Court (Nov. 17, 2020) ("Nov. 17 Michael Letter") 1 (Dkt. No. 12).)  At the Court's instruction, (*see* Dkt. No. 13), Plaintiff submitted a reply letter on November 21, 2020, (*see* Letter from Steven Kent, Esq., to Court (Nov. 21, 2020) ("Nov. 21 Kent Letter") 1 (Dkt. No. 14)), to which Defendants sur-replied on November 23, 2020, (*see* Letter from Charles Michael, Esq., to Court (Nov. 23, 2020) ("Nov. 23 Michael Letter") 1 (Dkt. No. 15)).

The Court held a pre-motion conference to consider Plaintiff's putative motion on December 11, 2020.  (*See* Dkt. No. 16.)  At the Court's invitation, Plaintiff submitted an

additional letter on December 16, 2020 to address certain aspects of its argument discussed during the conference. (*See* Letter from Steven Kent, Esq., to Court (Dec. 16, 2020) ("Dec. 16 Kent Letter") 1 (Dkt. No. 18).) Defendants replied on December 21, 2020. (*See* Dec. 21 Michael Letter 1.)

## II. Discussion

Plaintiff initially raised three arguments in support of remanding this case to state court. First, Plaintiff argued that its Complaint "does not allege damages in excess of $75,000[,]" and thus, this case does not satisfy the amount-in-controversy necessary to invoke this Court's subject matter jurisdiction under 28 U.S.C. § 1332. (Nov. 11 Kent Letter 2; *see also* Nov. 21 Kent Letter 1–2.) Second, Plaintiff argued that Defendants' October 23 removal "was untimely filed 35 days after the September 17 delivery of the Complaint to Defendants," (Nov. 11 Kent Letter 3), suggesting that service should be deemed effective when Plaintiff sent an email to a Hartford claims representative requesting a waiver of service, along with a hyperlink to its recently filed Complaint, (*see* Sept. 17 Email 1–2). After the Court's December 11 conference, Plaintiff took a different tack, arguing that the 30-day removal clock began ticking on September 22, when Defendants offered to waive service in exchange for an extension of time to respond. (*See* Dec. 16 Kent Letter 2 ("The single remaining factual dispute involves the date of receipt of the [C]omplaint. Plaintiff argues it is September 22, the date Defendant[s] by email accepted service, while Defendant[s] argue[] September 23, the date Plaintiff agreed to grant Defendant[s] more time to answer.").) And third, Plaintiff argued that Defendants' October 23 removal was procedurally defective for a second reason: instead of attaching to their Notice of Removal a copy of Plaintiff's Complaint filed on September 8, Defendants inadvertently attached a courtesy copy of a draft complaint dated May 22, 2020. (*See* Nov. 11 Kent Letter 3; Nov. 17 Michael

3

Letter 3 (noting that Defendants had mistakenly "attached a courtesy copy version of [the] [C]omplaint that [Plaintiff] had sent to Defendants in May [2020]"); Not. of Removal Ex. A, at 18 (Dkt. Nos. 1, 1-1).)

The Court need not address Plaintiff's argument regarding the amount in controversy. After the Court pressed Plaintiff on this argument at the December 11 conference, Plaintiff wisely retreated from its position and conceded this point. The Court therefore deems this argument waived.

Plaintiff's remaining arguments are meritless. The 30-day removal period under 28 U.S.C. § 1446 does not begin to run until a defendant is properly served or has chosen to waive service. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). "[M]ere receipt of the complaint unattended by any formal service," the Supreme Court has stated, does not "trigger[]" the 30-day removal clock. *Id.* at 347–48. Here, Plaintiff cannot seriously suggest that its September 17 email constituted formal service. Instead, it now argues that "Defendant[s] . . . accepted service" by email on September 22. (*See* Dec. 16 Kent Letter 2.) This is unpersuasive given the plain language of the email itself, which extended a conditional offer "to waiv[e] service if [Plaintiff] [would] consent to [an extension of Defendants'] time to respond to the [C]omplaint," (Counsel Correspondence 2)—an offer that Plaintiff accepted the following day, September 23, (*see id.*). The Court therefore deems service waived on September 23, and, because Defendants' Notice of Removal was filed 30 days later, on October 23, the removal is timely.

Likewise, Defendants' inadvertent attachment of a previous version of Plaintiff's Complaint is not a fatal defect. "Procedural rules such as the directions found in [§] 1446(a) are not jurisdictional and the failure to file all the state court papers is curable in the federal court if there is a motion to remand." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, 399 F. Supp. 2d 340, 348 (S.D.N.Y. 2005) (alteration, ellipsis, and internal quotation marks omitted) (gathering authorities). Defendants cured their mistake by attaching the correct version of the Complaint. (*See* Dkt. No. 11-1.) Plaintiff does not suggest that it was somehow prejudiced by Defendants' error, which, in any event, has now been corrected.

### III. Conclusion

For the foregoing reasons, Plaintiff's request to submit a remand motion is DENIED.

SO ORDERED.

Dated: January 11, 2021
       White Plains, New York

KENNETH M. KARAS
United States District Judge