UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STETSON REAL ESTATE LLC,

                Plaintiff,

v.

SENTINEL INSURANCE COMPANY, LIMITED,

                Defendant.

20 Civ. 8902 (KMK)(JCM)

---

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, in the above-captioned action, Stetson Real Estate LLC (the "Plaintiff"), Defendant Sentinel Insurance Company, Ltd. (the "Defendant"), or a third party may be required to disclose to the Plaintiff and Defendant information that the disclosing party deems to be confidential, as defined in paragraphs 2 and 3 below;

WHEREAS, the Plaintiff and Defendant wish to facilitate discovery while protecting confidential information, as defined below, in accordance with applicable law;

WHEREAS, the Plaintiff and Defendant, having conferred through their respective counsel, stipulated and agreed to the following terms of a protective order;

ACCORDINGLY, IT IS HEREBY STIPULATED, AGREED AND ORDERED that:

1.     Pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the entry of this Protective Order (the "Order").

## DEFINITIONS

2. The term "Confidential Information," as used in this Order, means "trade secret or other confidential research, development, or commercial information," as those terms are construed within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).

3. The term "Discovery Material," as used in this Order, means any and all documents, information, and tangible things exchanged or furnished in the course of discovery by the Plaintiff, Defendant, and other persons or entities subject to discovery, including deposition testimony and exhibits thereto, answers to interrogatories, and responses to other discovery requests and subpoenas.

4. The term "Producing Party," as used in this Order, means the Plaintiff, Defendant, or any non-party that produces Discovery Material.

5. The term "Receiving Party," as used in this Order, means the Plaintiff, Defendant, or any non-party that receives Discovery Material.

## DESIGNATION OF CONFIDENTIAL INFORMATION IN DISCOVERY MATERIAL

6. A Producing Party shall designate documents that it believes should be subject to Confidential Information treatment under this Order by placing or affixing on such documents the words "CONFIDENTIAL INFORMATION – Subject to Protective Order." Placing or affixing the words "CONFIDENTIAL INFORMATION - Subject to Protective Order" on the cover of any multi-page document shall designate all pages of the document as Confidential Information, unless otherwise indicated by the Producing Party.

7. A Producing Party may designate any magnetic or electronic media (e.g., videotape or computer disk or DVD/CD-ROM disk) as Confidential Information by placing or affixing a label on such media stating "CONFIDENTIAL INFORMATION - Subject to

Protective Order." Wherever practicable, Confidential Information produced electronically shall be formatted such that printed copies of any document(s) contained therein shall print with a header or footer stating "CONFIDENTIAL INFORMATION - Subject to Protective Order."

8. All depositions shall presumptively be treated as Confidential Information and subject to this Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is actually received by counsel for all parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately. A Producing Party may designate as Confidential Information that part of a deposition transcript that discloses or discusses Confidential Information, by making a statement to that effect for inclusion in the deposition transcript at, or prior to, the conclusion of the deposition. Additionally, and alternatively, any Producing Party may designate information disclosed at a deposition as Confidential Information by notifying all counsel in writing within fifteen (15) business days of receipt of the final deposition transcripts of the specific pages and lines of the transcript that it wishes to designate as Confidential Information. If the deposition is not designated, in whole or in part, as Confidential Information within fifteen days, it will no longer be treated as containing Confidential Information. Those portions of a deposition transcript that are designated as Confidential Information shall be bound separately and stamped "CONFIDENTIAL INFORMATION - Subject to Protective Order" and, if filed with the Court, shall be filed separately and under seal. The deponent shall be instructed that he or she may not disclose Confidential Information. Copies of Confidential Information furnished during any deposition shall not be left in the possession of deponents. The use of specific portions of the deposition transcript that are designated as Confidential Information shall be governed by this Order.

However, nothing this Order restricts the use of any portion of a deposition transcript that has not been designated as Confidential Information.

9. In the event of a disclosure of any document or information designated as Confidential Information to a person not authorized to have had such disclosure made to him or her under this Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party shall immediately inform counsel for the Producing Party whose document or information designated as Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party also shall take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the document or information designated as Confidential Information occurs.

10. The designation, or lack of designation, of information as Confidential Information shall be of no evidentiary effect. Nothing in this Order shall preclude a Producing Party from objecting to the admissibility on any grounds of any Discovery Material produced.

11. Disputes concerning the designation of Confidential Material shall be handled as follows: counsel for the party challenging the propriety of a designation of Confidential Information shall notify, in writing, counsel for the Producing Party of the nature of the challenge. The challenging party and the Producing Party shall meet and confer and make a good faith effort to resolve the dispute. In the event that these parties are unable to resolve the dispute, the Producing Party may apply to the Court for a determination as to whether it appropriately designated the document or tangible thing as Confidential Information. If the Producing Party files such an application with the Court, the document or tangible thing at issue will be treated as Confidential Information until the Court has rendered its determination.

Notwithstanding the foregoing, no Party shall challenge the designation of Discovery Material unless that Party has a good faith intention of filing or otherwise using the challenged Discovery Material in a manner that would otherwise be prohibited by this Stipulation and Protective Order.

**DISCLOSURE OF INFORMATION DESIGNATED
AS CONFIDENTIAL INFORMATION**

12.  All documents, testimony, or information disclosed in the litigation shall be used for the sole purpose of conducting the litigation and for no other purpose.

13.  Confidential Information designated as such, and any copies thereof and/or notes made therefrom, shall not be disclosed to any persons other than the following:

   (a)  counsel of record for Parties, co-counsel assisting such counsel of record in the litigation, the partners, of counsel, and associate attorneys of such counsel of record and co-counsel assisting in the litigation, and any litigation support personnel, paralegals, or stenographic and/or videographic reporters, secretarial, or clerical personnel assisting counsel of record for the Parties in the litigation;

   (b)  personnel of the Parties actually engaged in assisting in this proceeding and who have been advised of their obligations hereunder;

   (c)  experts, consultants and contractors retained to assist counsel of record in the litigation, including their assistants, staff, and stenographic, secretarial, or clerical personnel, provided such a person has first executed Exhibit A to this Order;

   (d)  any deponents in the litigation and their counsel, provided that such witnesses not retain any copies of documents or tangible things marked "CONFIDENTIAL INFORMATION";

(e) any witnesses or prospective witnesses, including but not limited to third-party witnesses, and their counsel, provided that such witness not retain any copies of documents or tangible things marked "CONFIDENTIAL INFORMATION";

(f) the Court and its staff, including stenographic and/or videographic reporters, in connection with the Court's administration and adjudication of this action;

(g) the author(s), addressee(s), or recipient(s) of the Confidential Information;

(h) any party's members, accountants, outside or internal auditors, and regulators or other government agencies requiring access to the Confidential Information;

(i) Plaintiff's reinsurers, reinsurance intermediaries and retrocessionaires for the purpose of reinsurance or retrocession contract administration and billings; and

(j) any other person to whom the Court compels disclosure of the Confidential Information or to whom disclosure is required by law.

14. Any party to whom Confidential Information is disclosed pursuant to this Order that receives a subpoena, order, or other request for production or disclosure of all or part of such Confidential Information shall, within five (5) business days after receiving such subpoena, order, or other request, provide written notice by facsimile or electronic transmission to the relevant Producing Party, identifying the information sought and attaching a copy of the subpoena, order, or other request, so that the Producing Party may, if it so chooses, make an application for relief from the subpoena, order, or other request.

## USE OF INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION IN COURT FILINGS

15. In the event the Plaintiff, Defendant, or any other party that is a signatory to this Order seeks to submit to the Court any Confidential Information for any purpose prior to trial, that party shall redact all Confidential Information and file the redacted pleading, motion, or document pursuant to established Court filing procedures under the Court's standing order, 19-mc-00583, and Section 6 of the Southern District of New York's ECF Rules & Instructions. The party must file a motion to support its sealing request which complies with Paragraph IX.A.ii. of Judge Karas's Individual Rules of Practice. The Clerk of the Court is directed to file and maintain under seal any such documents until further order of the Court, and such Confidential Information so filed shall not be made available to anyone other than the persons identified in Paragraph 13.

## GENERAL PROVISIONS

16. With the exception of the persons specified in Paragraph 13(a), (e), and (f), any person to whom Confidential Information is to be disclosed shall first be advised by the attorney making the disclosure to that person that pursuant to this Order he or she may not divulge any Confidential Information to any other person not authorized under Paragraph 13 above to have access to such Confidential Information. The attorney disclosing Confidential Information shall secure from each person to whom the Confidential Information is disclosed (except third party witnesses or the persons specified in Paragraph 13(a) or (f)) a declaration in the form attached hereto as Exhibit A, stating that such person has read the Order and agrees to be bound by it. The attorney securing the declaration shall maintain it until further order of the Court.

17. Production of any documents, testimony, or information in this Action without a designation of "CONFIDENTIAL INFORMATION" shall not, in and of itself, be deemed a

waiver of any party's claim that the information constitutes Confidential Material if, after discovering such failure to so designate, the Producing Party sends a written notice to counsel for all other Parties and designates the previously produced documents, testimony or information as "CONFIDENTIAL INFORMATION." Upon receipt of such notice, the receiving Party shall thereafter treat the documents, testimony or information as if they had been designated "CONFIDENTIAL INFORMATION" upon initial production.

18.  Pursuant to Federal Rule of Evidence (FRE) 502(d), disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding.  Pursuant to FRCP 26(b)(5)(B) and FRE 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request.  If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding.  This provision is designed to foreclose any arguments that by making such production:

    (a)    the production of documents or information subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege, was not inadvertent by the Producing Party;

    (b)    the Producing Party did not take reasonable steps to prevent the disclosure of privileged documents;

    (c)    the Producing Party did not take reasonable or timely steps to rectify such disclosure; and/or

    (d)    such disclosure acts as a waiver of applicable privileges or protections associated with such documents.

This provision shall be interpreted to provide the maximum protection allowed by FRE 502 and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

19.    Nothing in this Order shall preclude the Plaintiff, Defendant, or any third party from using or disclosing documents that it has obtained through no violation of this Order.

20.    Nothing in this Order shall be deemed to preclude the Plaintiff, Defendant, or any third party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or from seeking and

obtaining leave to disclose documents or other discovery material beyond the terms of this Order.

21. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. This Order shall survive the termination of the litigation. Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within 60 days of the final disposition of this Action whether by settlement, final judgment, denial of final appeal, or other termination of this Action, each party in receipt of Discovery Material designated as Confidential Information, shall either promptly return all copies of the Confidential documents to the Producing Party or take reasonable efforts to destroy the Confidential documents, except for: (1) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation; and (2) information saved on backup media in an electronically stored format. However, each Party and counsel for each Party may keep one complete set of all pleadings, transcripts, filings, motions, briefs, related supporting papers and exhibits. This Order shall not be construed to cause counsel for the Plaintiff and Defendant to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action.

23. The Plaintiff and Defendant may propose modifications to this Order by further agreement of counsel if circumstances warrant or, for good cause shown, may seek to modify this Order upon motion made to the Court.

24. The Parties agree to treat the terms of this Stipulation as binding upon execution, and before it is formally entered by the Court.

**STIPULATED AND AGREED:**

| | |
|---|---|
| MESSNER REEVES LLP | STEPTOE & JOHNSON LLP |
| By *Alan W. Borst, Jr* | By: *[signature]* |
| Steven Kent | Charles Michael |
| Alan W. Borst, Jr. | 1114 Avenue of the Americas |
| MESSNER REEVES LLP | New York, New York 10036 |
| 733 Third Avenue Suite 1619 | (212) 506-3900 |
| New York, NY 10017 | cmichael@steptoe.com |
| | |
| *Counsel for Plaintiff Stetson Real Estate LLP* | Sarah D. Gordon* |
| | 1330 Connecticut Ave., NW |
| | Washington, D.C. 20036 |
| | (202) 429-3000 |
| | sgordon@steptoe.com |
| | **application for admission* pro hac vice *forthcoming* |
| | |
| | *Counsel for Defendant Sentinel Insurance Company, Ltd.* |

**SO ORDERED:** *[signature]*

Hon. Kenneth M. Karas, U.S.D.J.

May 7, 2021

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

STETSON REAL ESTATE LLC,

                        Plaintiff,

     v.                                          20 Civ. 8902 (KMK)(JCM)

SENTINEL INSURANCE COMPANY, LIMITED,

                        Defendant.

## CERTIFICATION REGARDING PROTECTIVE ORDER

      I,_____, [name], of_____[business or home address], hereby certify that I have read the Protective Order entered into in the above-captioned action on _____, 20__. I agree to be bound by the terms of that Order and comply with those terms. I agree not to disclose to anyone any material subject to the Protective Order or the contents thereof except as provided in the Protective Order. I further agree that any documents, materials or information furnished to me will be used by me only for the purposes of the above-caption action, including any appeals, and for no other purpose, and will be returned by me to the person who furnished the materials to me upon conclusion of the action. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Southern District of New York with respect to any proceedings relative to the enforcement of that Order, including any proceeding related to contempt of that Order.

Date:_____

_____
     [Signature]